UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANESSA VACHON, | * | |
|     Plaintiff, | * | |
| v. | * | Civil Action No. EA-25-681 |
| ALEXANDER SCOTT, | * | |
|     Defendant. | * | |

**MEMORANDUM ORDER**

Plaintiff Vanessa Vachon initiated the above-captioned action on February 28, 2025, seeking damages, interest, attorney's fees and costs, and an order requiring Defendant Alexander Scott's compliance with his alleged financial support obligations under the Immigration and Nationality Act, 8 U.S.C. § 1183a(a)(1)(A). ECF No. 1. On June 4, 2025, Ms. Vachon moved for a preliminary injunction. ECF No. 23. After several rounds of discussions with the parties regarding scheduling, the Court set a hearing on the motion for July 7, 2025. ECF No. 26. Pending before the Court is Mr. Scott's emergency motion to continue the preliminary injunction hearing, which was filed on June 25, 2025. ECF No. 31. The undersigned held a hearing on the motion on June 27, 2025, and ordered supplemental briefing.[1] ECF Nos. 34, 36. No further hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, Mr. Scott's emergency motion is denied.

Mr. Scott advances two primary arguments in support of his motion. First, he asserts—without citation to authority—that Ms. Vachon is not entitled to a hearing because she "has not submitted any evidence of her current financial support," and thus has not established a prima

---

[1] Mr. Scott appears to have filed an exhibit to his supplemental filing that was incorrectly identified as a motion for a preliminary injunction. ECF No. 39; *see also* ECF No. 38-4 (identifying the exhibits to Mr. Scott's supplemental briefing). Because this filing is not a motion, it will be denied as incorrectly filed.

facie case for injunctive relief. *Id.* at 4.[2]  Ms. Vachon filed a declaration and financial records in connection with her pending motion for a preliminary injunction.  ECF Nos. 24; 24-1; 24-2; 24-3.  Mr. Scott's argument does not provide a basis for continuing the hearing, as the very purpose of the scheduled proceeding is for the parties to present evidence and argument in support of or in opposition to a preliminary injunction.  Any evidentiary failure by Ms. Vachon will bear on the Court's ruling on the motion, not its scheduling.

Second, Mr. Scott alleges that he will be prejudiced by moving forward with the scheduled preliminary injunction hearing because he does not have access to certain historical financial documents, namely, mortgage statements and other related documents.[3]  *Id.*  In opposition, Ms. Vachon contends, among other things, that the historical financial documents are irrelevant to her motion for a preliminary injunction because the question of financial support obligation is assessed on an annual basis.  ECF No. 32 at 2–3; *see also* ECF No. 30 at 2–4.  Thus, according to Ms. Vachon, Mr. Scott's previous payment of the mortgage on the former marital home where Ms. Vachon resides has no bearing on the question of his current financial support obligations.  ECF No. 32 at 2–3.  In their supplemental briefing on this issue, the parties largely repeat their earlier arguments.  ECF Nos. 35, 38.  Mr. Scott contends that his prior payments of the mortgage generated equity in the home, which satisfied his support obligations.  ECF No. 38.

---

[2]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

[3]  Counsel for Mr. Scott explained at the motion hearing (ECF No. 34) that the financial institution mistakenly mailed the documents Mr. Scott had requested to Ms. Vachon's residence instead of that of Mr. Scott.  In his motion and at the hearing, Mr. Scott took issue with the fact that Ms. Vachon returned the documents to the financial institution instead of providing them to Mr. Scott.  ECF No. 31.  Mr. Scott's emergency motion also seeks to compel Ms. Vachon to explain her handling of the financial records.  *Id.* at 4–5.  The undersigned does not find a basis for ordering any such relief or that it would be a productive investment of resources for the parties.  As Mr. Scott has acknowledged, he can obtain the documents from the financial institution.

Ms. Vachon, on the other hand, argues that the majority approach of Courts addressing this issue, including decisions of this Court, is to assess income on an annual basis. ECF No. 35 at 2 n.2 (collecting cases).

Title 8 U.S.C § 1183a, which defines the requirements of a sponsor's affidavit of support, provides in pertinent part that a sponsor must agree "to provide support to maintain the sponsored alien at *an annual income* that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A) (emphasis added). Courts in this Circuit (and elsewhere) have found that aggregating income across multiple years is inconsistent with this statutory language, which describes income as "annual." *E.g.*, *Al-Aromah* v. *Tomaszewicz*, No. 7:19-CV-294, 2019 WL 4306970, at *3–4 (W.D. Va. Sept. 11, 2019).

Rather than aggregating income, the decisions of this Court—and of other Courts in the Fourth Circuit—have held that income must be assessed on an annual basis. *Toure-Davis* v. *Davis*, Civil Action No. WGC-13-916, 2015 WL 993575, at *5 (D. Md. Mar. 4, 2015) ("This court must compare Plaintiff Toure-Davis' annual income against the 125 percent of the Federal poverty line for each year to determine whether, if necessary, Defendant Davis provided an appropriate financial safety net."); *Younis* v. *Farooqi*, 597 F. Supp. 2d 552, 554 (D. Md. 2009) ("To determine the appropriate damages, courts compare the plaintiff's annual income for the particular years at issue, rather than the aggregate income for the entire period, against the 125% poverty threshold for each particular year."); *see also Al-Aromah*, 2019 WL 4306970, at *3-4 (rejecting the defendant's argument that his financial support should be aggregated because "[t]his method of calculation is not supported by persuasive case law, which instructs the court to compare [the plaintiff's] annual income for each calendar year at issue against the 125% poverty threshold, rather than considering multiple years in aggregate").

3

Indeed, this Court has rejected arguments similar to those of Mr. Scott in which a defendant contended that a prior gift satisfied support obligations. *E.g.*, *Al-Mansour* v. *Shraim*, Civil Action No. CCB-10-1729, 2011 WL 345876, at *5 (D. Md. Feb. 2, 2011) ("Because the court must compare the plaintiff's income for each year against the 125% poverty threshold, Mr. Shraim's gift of property to Ms. Al-Mansour in 2007 cannot be considered as part of her income in 2010.") (internal citation omitted). Thus, Mr. Scott's mortgage payments in previous years do not absolve him of any current financial support obligations.

Here, Ms. Vachon alleges that Mr. Scott failed to provide adequate financial support in 2017 to 2021 and 2024 to 2025. ECF Nos. 1 at 8; 23-1 at 6. In deciding whether to grant or deny the preliminary injunction, the Court will not resolve the issue of damages and other relief Ms. Vachon seeks in this action. Instead, the only issue before the Court is whether or not to order Mr. Scott to financially support Ms. Vachon during the pendency of this litigation. Ms. Vachon does not dispute that Mr. Scott previously paid the mortgage. ECF No. 32 at 2. Mr. Scott stated in his discovery responses that the last mortgage payment he made was in 2020. ECF 23-6 at 6. Because income must be assessed on an annual basis, Mr. Scott's prior financial support, whether by mortgage payments or otherwise, has no bearing on his present support obligations. Mr. Scott will therefore suffer no prejudice at the preliminary injunction hearing based on his lack of access to historical financial records.

Based on the foregoing, it is hereby ORDERED that Mr. Scott's emergency motion to continue the preliminary injunction hearing (ECF No. 31) is DENIED, and Mr. Scott's motion for a preliminary injunction (ECF No. 39) is DENIED as filed incorrectly. The preliminary injunction hearing will proceed on July 7, 2025, as previously scheduled. ECF No. 26.

Date: July 3, 2025                                        /s/
                                                                      Erin Aslan
                                                                      United States Magistrate Judge

4